UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAWSON HOLLAND,

                                    Plaintiff,

      -v.-                                                     9:10-CV-578
                                                                   (FJS/GHL)

DR. LESTER WRIGHT, DR. C. MOEHS,
B. BICKEL, MR. SHANNON, MCAULIFFE,
and DR. PALAO,

                                    Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

LAWSON HOLLAND
Plaintiff, *pro se*
3544 Wayne Avenue
Apartment 1-E
Bronx, NY 10467

HON. ERIC T. SCHNEIDERMAN                WILLIAM J. MCCARTHY, JR., ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE
UNITED STATES MAGISTRATE JUDGE

## **REPORT AND RECOMMENDATION**

      Pro se Plaintiff Lawson Holland, while an inmate at Cape Vincent Correctional Facility, commenced this action in May of 2010, alleging, *inter alia*, that Defendants violated his Eighth Amendment rights by not providing adequate medical care. Dkt. No. 1. On January 10, 2011, the Court issued a Mandatory Pretrial Discovery and Scheduling Order which provided, in part: "The failure of the plaintiff(s) to attend [a deposition], be sworn, and answer appropriate questions may

result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." Dkt. No. 19, at 4.[1]

A few months after filing the Complaint, Plaintiff apparently was released from prison and was residing in the Bronx. See Docket Entry of 8/13/10.

From July through September, 2011, Defendants' counsel attempted to schedule Plaintiff's deposition. Dkt. No. 32-2, at 2-4. On September 14, 2011, the Court issued an Order stating: "Upon the request of defendants' counsel, the discovery completion deadline is reset to October 31, 2011 for the sole purpose of permitting defendants to conduct plaintiff's deposition. . . .In the event that plaintiff fails to appear for his duly noticed deposition, defendants [may] seek appropriate sanctions by filing a motion which complies with the Local Rules of Practice of this District." Text Order of 9/14/11.

Plaintiff's deposition was noticed for October 17, 2011. The notice provided: "PLEASE TAKE FURTHER NOTICE that, your failure to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." (emphasis in original). Dkt. No. 32-2 at 5. Plaintiff did not communicate with Defendants' counsel about the scheduled deposition, and he failed to appear at it. A court reporter was present for the deposition, and charged an appearance fee of $75. *Id.*

Defendants then moved for sanctions. Dkt. No. 32. The Court entered an Order directing Plaintiff to reimburse Defendants for the $75 appearance fee. In that Order the Court stated: "In entering this Order, the Court finds that Plaintiff's failure to appear was not substantially justified

---

[1]The page references in this Report and Recommendation are those assigned by the electronic filing system.

and that no other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(b)(2).  If Plaintiff does not comply with this Order, the Court will recommend that the sanction of dismissal of the complaint be imposed."  Dkt. No. 34, at 1-2.

Plaintiff did not comply with the Order.  Dkt. No. 35.  The Court therefore recommends that his complaint be dismissed.  This of course is a harsh remedy.  However, Plaintiff was on notice that failure to appear at his deposition could result in the sanction of dismissal (Dkt. No. 32-2, at 5), and he was explicitly advised that if he failed to reimburse Defendants for the $75 appearance fee "the Court will recommend that the sanction of dismissal of the complaint be imposed."  Dkt. No. 34, at 2.  Furthermore the Court finds that Plaintiff's failure to appear at his deposition was willful and caused only by his own fault.

Accordingly, it is

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be dismissed, without prejudice to renewal upon his payment of the $75 appearance fee and his agreement to appear for a deposition by Defendants.

Dated: February 9, 2012
       Syracuse, New York

_____
George H. Lowe
United States Magistrate Judge

3